IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:24-cv-00181-MR

| | |
|---|---|
| GROMOKA CARMICHAEL, ) | |
| Plaintiff, ) | |
| vs. ) | |
| ALEXANDER CORRECTIONAL ) | |
| INSTITUTION, et al., ) | **ORDER** |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the Plaintiff's pro se Complaint [Doc. 1]. Also pending is a Letter that was docketed as a Motion for Speedy Trial [Doc. 3], and numerous Letters and other miscellaneous filings [Docs. 4-11, 13-18].[1] The Plaintiff is proceeding in forma pauperis. [Doc. 21].

I. **BACKGROUND**

The pro se Plaintiff is presently serving a 70-year sentence at the Alexander Correctional Institution for child sex offenses, Mecklenburg

---

[1] The Plaintiff filed the Motion for Speedy Trial before the Court had issued its Order of Instructions. [See Aug. 9, 2024 Standing Order of Instructions]. The Plaintiff is reminded that he must seek relief by way of filing a "Motion" with the Court. Filings that fail to comply will not receive a response from the Court and may be stricken.

County Superior Court Case Nos. 19CR226921, -25, and -26.[2] His projected release date is June 25, 2083.

The Plaintiff filed this action pursuant to 42 U.S.C. § 1983. [Doc. 1]. He names as Defendants the Alexander Correctional Institution and Desmond Dinkins,[3] an Alexander CI staff member. He alleges as follows:

> State I think I won at my parole my aunt said I won $200,0000 dollar at the parole but I still had one charge on me to go back to court for [R.W.][4] and I never got my money from state of North Carolina from winning at my parole I need state to look into this for me as well. I want a speedy trial from county court for [R.W.] I also wrote Stet about a prea on a staff member here at Alexander Correctional Institution there as been anything done about it I have not talk to anyone about this what as happened to me here (ACI) I need help I don't feel safe here anymore I like to be put some where else another prison I am not safe here anymore this a civil lawsuit and that's what I want to do I did a DC 410 Grievance here at (ACI) first no one talk to me at all. Disciplinary actions as not been taken on this.

[Doc. 1-1 at 1] (errors uncorrected). The Plaintiff alleges "no" injury and the section of the Complaint form addressing relief is blank. [Doc. 1 at 5].

---

[2] According to Mecklenburg County Superior Court records and the North Carolina Department of Adult Corrections ("NCDAC") website, the Plaintiff was also charged in Case Nos. 19CR226920, -22, and -24 but those charges were dismissed on January 23, 2023. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1702122&searchLastName=carmichael&searchFirstName=g&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Oct. 3, 2024); Fed. R. Evid. 201.

[3] The Plaintiff also refers to this Defendant as "Jermal River." [See Doc. 3 at 1].

[4] This individual appears to be a minor and/or a victim, so the full name was redacted and replaced with initials. The Plaintiff previously was admonished to refer to any victim(s) and/or minor(s) by using initials in any future filings. [See Oct. 3, 2024 Text-Only Order].

In the Plaintiff's Motion for Speedy Trial, he argues:

> I am writing this <u>brief</u> to acks state for a speedy trial my attorney as filed a brief with the Clerk of Court in the County in Charlotte NC. I also sending pappers w this brief to help with my speedy trial these mattes pending soon to be brought to before the court I am providing legal paper work for wall to read. I have a prea with Alexander Correctional Institution for sexual assault and abuse by a staff member in the mental health program by Desmond Dinkins he goes by Jermal River and I need help ASAP my aunt Joyce Mitchell put in this mental health program at Central Prison back in 2/7/23 throw state for money and I want a lawsuit for this. Tasha D. Ganthier mess with mentally everyday pain and suffering mental dressed and sex misconduct at with Desmond Dinkins North Carolina prison is committed to a standard of zero tolerance of sexual abuse of inmates or staff. These allegations need to be resolve.

[Doc. 3 at 1] (errors uncorrected).

The Plaintiff has made numerous additional filings in which he argues *inter alia* that he was locked up for something he did not do and he should receive another speedy trial [Doc. 13 at 1]; that R.W. put the Plaintiff in prison because "he is in love with [Plaintiff] and did not want to see [Plaintiff] with no one else" [Doc. 8 at 1]; that Tylsha Struedvent, who works for the state, "filed [Plaintiff] as dead" to get money from the state including the Plaintiff's SSI benefits [Doc. 14 at 2; Doc. 14-1 at 3]; that the Plaintiff should receive more than $550 billion for "government testing" that has been conducted on him [Doc. 14 at 3]; that Desmond Dinkins is "hiding out on the roof of the

3

prison…" [Doc. 15 at 2]; and that the prison makes its money by "making porn here with inmates and staff members." [Id. at 1].

## II.   STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Plaintiff purports to name the Alexander CI as a Defendant. However, NCDAC facilities are not "persons" under § 1983. See Fox v. Harwood, 2009 WL 1117890 at *1 (W.D.N.C. April 24, 2009). Accordingly, the Plaintiff's claims against the Alexander CI are dismissed with prejudice.

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 1-1 at 1 (referring to his aunt and to R.W.)]; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against

5

the purported defendant a legal nullity."). The Plaintiff also uses vague terms and pronouns rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 1-1 at 1 (referring to "staff")]. These claims are too vague and conclusory to proceed. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F. 3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The allegations directed at individuals not named as defendants or that are too vague and conclusory to be attributed to a defendant are, therefore, dismissed without prejudice.

The Plaintiff has failed to state any plausible § 1983 claim against Defendant Dinkins. The allegations are so vague, conclusory, and nonsensical that the Complaint will be dismissed as frivolous and for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 8(a); Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009), abrogated on other grounds by Lomax v. Ortiz-

6
Case 5:24-cv-00181-MR   Document 22   Filed 10/10/24   Page 6 of 9

Marquez, 140 S. Ct. 1721 (2020) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'").

In his Motion for Speedy Trial, the Plaintiff appears to seek relief from his criminal convictions and/or imprisonment, however, such is not cognizable in a civil rights action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see generally 28 U.S.C. §§ 2241, 2254. Thus, the Motion for Speedy Trial is denied. To the extent that the Plaintiff is seeking to challenge the fact or duration of his confinement, he must do so, if at all, in a separate civil action.[5]

It appears that the Plaintiff may be attempting to amend the Complaint via the Motion for Speedy Trial, multiple Letters, and other miscellaneous documents. [See Docs. 3-11, 13-18]. This is denied because piecemeal amendment will not be permitted. Further, the Plaintiff's allegations have become increasingly bizarre and unmoored from reality such that it appears

---

[5] The Court makes no determinations about the potential merit or procedural viability of such an action.
7

that this entire action may be frivolous. The Plaintiff will, nevertheless, be granted the opportunity to amend his Complaint to correct these deficiencies and to set forth a plausible claim for relief.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The claims against the Alexander CI are dismissed with prejudice and the remaining claims are dismissed without prejudice. The Plaintiff's Motion for Speedy Trial is denied.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Plaintiff's other filings. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] fails initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A. The claims asserted against

the Alexander CI are **DISMISSED WITH PREJUDICE** and the remaining claims are **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

3. The Plaintiff's Letter [Doc. 3] is construed as a Motion for Speedy Trial and it is **DENIED**.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED**.

Signed: October 9, 2024

Martin Reidinger
Chief United States District Judge