IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:24-cv-00181-MR

| | |
|---|---|
| **GROMOKA CARMICHAEL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **ALEXANDER CORRECTIONAL** ) | |
| **INSTITUTION, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court sua sponte.

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Alexander Correctional Institution, where he is serving a 70-year sentence. [Doc. 1]. The Plaintiff was informed at the case's inception that: "[i]t is the Plaintiff's responsibility to … comply with Court orders"; "[l]etters sent to the Clerk of Court or Judge will not be answered [and] [o]nly Motions will be ruled on by the Court"; "[a]ll documents filed in this case must include the case number at the top of the first page"; and the "[f]ailure to comply with [the Order of Instructions] or any other Court Order … may result in sanctions up to and including dismissal of the action." [See Aug. 9, 2024 Order of Instructions)].

On October 10, 2024, the Complaint was dismissed on initial review and the Court granted the Plaintiff 30 days in which to amend. [Doc. 22]. The Plaintiff was mailed a copy of the Order on initial review and a blank complaint form that same day. The Plaintiff was cautioned that, "[s]hould the Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice." [Id. at 8].

The Plaintiff subsequently filed multiple letters, some of which omit the case number, addressing various topics. [See, e.g., Doc. 23 (requesting a court date and "legal pappers [sic]," and referring to "a PREA" and "false imprisonment"); Doc. 24 (requesting an "appeal for [his] case to come back to court"); Doc. 27 (inquiring about the status of his civil case, alleging false imprisonment, and complaining about his sentence); Doc. 31 (requesting a "copy of motion" so that he can "appeal [his] case")]. The Clerk mailed the Plaintiff a copy of the docket sheet on November 4, 2024, another blank complaint form on November 19, 2024, and information regarding the cost of ordering copies of documents from the Clerk of Court on November 22, 2024. He has not filed any motion seeking an extension of time to amend or requesting other relief.

The Plaintiff has not amended his Complaint, and the time to do so has expired. He has failed to comply with the Court's Orders, and the case is

unable to proceed. Accordingly, this action is dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed: December 11, 2024

Martin Reidinger
Chief United States District Judge